

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIETZ'S, INC., an Illinois Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05 C 684 |
| ) | Judge Joan H. Lefkow |
| CITY OF CHICAGO, a municipal ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dietz's, Inc. ("Dietz's"), filed a three-count Second Amended Complaint against defendant, City of Chicago ("City"), pursuant to 42 U.S.C. § 1983, alleging violations of its rights under the Contracts Clause and the Fifth and Fourteenth Amendments of the Constitution. The City has moved pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss Dietz's Second Amended Complaint for failure to state a claim upon which relief may be granted. This court has jurisdiction over Dietz's claims pursuant to 28 U.S.C. §§ 1331 and 1343. For the reasons set forth below, the court grants the City's motion to dismiss.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court

accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

### I. Background

Dietz's is an Illinois corporation doing business in Chicago, Illinois. (Second Am. Compl. at ¶ 4, hereinafter "¶ ___"). The City is an Illinois municipal corporation. (¶ 5).

Until January 1, 2004, Dietz's performed work for and received reimbursement from the City as a participant in the City's Hired Truck Program. (¶¶ 9, 38). The City required its Hired Truck Program participants, including Dietz's, to comply with various program requirements. (¶7). These requirements included displaying signage on vehicles, maintaining insurance coverage, supplying all drivers with cellular telephones, hiring and maintaining sufficient personnel to meet the requirements of the Hired Truck Program, maintaining trucks and equipment, participating in inspections as required by the City, maintaining all required permits and certification, and completing all documents as required by the City. *Id.* Dietz's spent substantial amounts of money and resources to comply with the requirements of the Hired Truck Program. (¶ 8).

On or about May 2004, the City announced certain changes to its Hired Truck Program that required some or all Hired Truck Program participants to reapply to the program. (¶¶ 10-11). Dietz's re-applied. (¶ 12). In a letter dated May 26, 2004, the City notified Dietz's that it was "conditionally approved" to participate in the Hired Truck Program "pending an equipment review by the City's Department of Fleet Management and an internal administrative review." (¶ 13, Compl. Ex. A). Dietz's subsequently received a letter from the City dated June 16, 2004, notifying

2

Dietz's that its application was "suspended until further investigation is completed." (¶ 14, Compl. Ex. B). Dietz's has asked the City about the nature and status of this investigation but has received no reply. (¶ 15). Dietz's also requested a hearing on the suspension of the admission process. (¶ 16, Compl. Ex. C). The City has not set a hearing or taken any further action on Dietz's application, effectively barring Dietz's from participating in the Hired Truck Program. (¶ 16, 17, 19).

## II. The Rules of the Hired Truck Program[1]

The Hired Truck Program manual contained the rules governing the Hired Truck Program, including the rules relevant to participation in the program. The 2000 edition of the Hired Truck Program manual stated, "Placement on the hired truck list signifies that the company is eligible to work with participating user departments and is not a guarantee that a company will be called for work with the City." (Def. Mot. to Dismiss Ex. 4 at 6). Similarly, the April 2000 edition of the Hired Truck Program manual stated, "Placement on the hired truck list signifies certification that your company is eligible to work with participating user departments and is not a guarantee that you will be called for work with the City." (Def. Mot. to Dismiss Ex. 5 at 1-2). The April 2000 manual further specified that the rules governing hired trucks

> may be changed without notice, and nothing in these rules or the Company, Truck or Driver Registration Forms gives any contractual, procedural, or other rights to any company. Furthermore, the City remains free to suspend or terminate any company from a hired truck list for reasons other than those set forth in these rules.

---

[1] The court may examine the Hired Truck Program's rules without converting the present motion to dismiss into a motion for summary judgment because Dietz's referred to the rules in its Second Amended Complaint and because they are central to Dietz's claim that it had a contract with the City. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993)). *See* City of Chicago's Motion to Dismiss, Exhibits 4 and 5. The City also attached the April 2004 Hired Truck Program application, including the April 2004 Hired Truck Program's rules, *see* City of Chicago's Motion to Dismiss, Exhibit 6, which the court may consider because Dietz's referred to both the rules and the application in its Second Amended Complaint and because they are central to Dietz's claims.

3

(Def. Mot. to Dismiss Ex. 5 at 20). The Hired Truck Program application from April 2004 also provided that "[t]he City has the right to change the rules of the Hired Truck Program and to terminate the Hired Truck Program at any time. . . ." (Def. Mot. to Dismiss Ex. 6 at I-2). The application further stated:

> **The Company understands and agrees that submitting this application does not guarantee admission to or participation in the Hired Truck Program, that the City has the right to terminate or modify the Hired Truck Program at any time and that any expenses or risks incurred by the Company, including equipment leases and purchases, are exclusively those of the Company and are not the responsibility of the City.**

(Def. Mot. to Dismiss Ex. 6 at I-2) (emphasis in original).

### III. Dietz's Claims Against the City

Dietz's alleges that the rules of the Hired Truck Program created a contract between Dietz's and the City and that the City's actions impaired this contract, thereby depriving Dietz's of its rights, privileges, and immunities under the Contracts Clause of the Constitution. (¶ 23, 24). Specifically, Dietz's claims that it expended financial resources to comply with all of the requirements of the Hired Truck Program and that it is now prevented from continuing performance in the Program. (¶¶ 29-30) As a result, it will not receive reimbursement from the City. (¶¶ 30, 39). Additionally, Dietz's alleges that the City's actions deprived Dietz's of its property interests, in violation of the Fifth and Fourteenth Amendments, because Dietz's had a property interest in its contractual relationship with the City, in its ongoing participation in the Hired Truck Program, and in participating in the administrative review process devised by the City. (¶ 44, 45).

## DISCUSSION

### I. Contracts Clause

The Contracts Clause of the Constitution prohibits states and their subdivisions, including municipalities, from passing laws that impair contractual obligations. U.S. CONST. art. I, § 10, cl. 1. *Horwitz-Matthews, Inc. v. City of Chicago*, 78 F.3d 1248, 1250 (7th Cir. 1996). "A State violates the Contracts Clause if a change in state law has operated as a substantial impairment of a contractual relationship." *Khan v. Gallitano*, 180 F.3d 829 at 832 (7th Cir. 1999) (internal quotations omitted) (citations omitted). "This inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial." *Id.* (citations omitted).

In the present case, Dietz's alleges the existence of contract between it and the City as a result of the rules of the Hired Truck Program, its previous participation in the program, and its "conditional approval" to participate in the program in May 2004. By their express language, however, the rules did not create a contract between Dietz's and the City. The Hired Truck Program manuals and application from 2000, April 1, 2000, and April 2004, which contained these rules, explicitly stated that compliance with the Program's requirements and subsequent placement on the Hired Truck list did not guarantee that a company would receive work from the City. The Hired Truck Program's rules from April 1, 2000 further clarified that the rules may be changed without notice and that "nothing in these rules or the Company, Truck or Driver Registration Forms gives any *contractual*, procedural, or other rights to any company." (Def. Mot. to Dismiss Ex. 5 at 20) (emphasis added). Using unambiguous language, the rules disclaimed any purpose to bind the City to a contract.

5

Additionally, while Dietz's alleges that it expected to continue participating in the Hired Trucks Program and having its expenses reimbursed after it re-applied and was conditionally approved, the application to the Hired Truck Program stated in bold that "the City has the right to terminate or modify the Hired Truck Program at any time and that any expenses or risks incurred by the company, including equipment leases and purchases, are exclusively those of the Company and are not the responsibility of the City." (Def. Mot. to Dismiss Ex. 6 at 1-2). Dietz's expectations cannot counter the clear language of the application or rules of the Hired Truck Program to create a contract. *See Doe v. First National Bank of Chicago*, 865 F.2d 864, 873 (7th Cir. 1989) (holding that a policy manual stating that "[n]either this policy nor any other provision of this policy manual is intended to . . .constitute a contract of employment . . ." and that "[e]mployment can be terminated at any time and for any reason by either the employee [or employer]" failed, as a matter of law, to support the existence of a contract.). As a result, Dietz's has failed to state a claim upon which relief may be granted with regard to its claims under the Contracts Clause.[2]

## II. Constitutionally Protected Property Interests

Dietz's also claims that the City deprived it of its constitutionally protected property interests without due process in violation of the Fifth Amendment, as applied through the Fourteenth Amendment. This claim requires that the court determine (1) whether Dietz's possessed a constitutionally protected property interest; and (2) whether Dietz's was deprived of that interest without due process. *Kim Constr. Co. v. Bd. of Trustees of the Village of Mundelein*, 14 F.3d 1243, 1245 (7th Cir. 1994) (citations omitted). For purposes of the Due Process Clause, a property interest

---

[2]Because Dietz's cannot establish the existence of a contract, it is unnecessary for the court to address the parties' remaining arguments with respect to Dietz's claims under the Contracts Clause.

is created by "existing rules or understandings that stem from an independent source, such as state law -- rules or understandings that secure certain benefits and that support claims of entitlements to those benefits." *Id.*, quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 33 L. Ed. 2d 494, 105 S. Ct. 1487 (1972). Dietz's asserts that it possessed a property interest in its contractual relationship with the City, in its ongoing participation in the Hired Truck Program, and in participating in the Hired Truck Program's administrative review process. The court disagrees.

First, Dietz's cannot establish a property interest in its contractual relationship with the City because, for the reasons stated above, Dietz's cannot establish the existence of a contract between itself and the City based on the rules of the Hired Truck Program, its participation in the program, or its "conditional approval."

Second, even if Dietz's complied with all of the Hired Truck Program's rules, Dietz's was not guaranteed admission into the program or work; the City had the discretion to include or exclude applicants from participating in the program. *See* Exhibit 5 at 1-2, Exhibit 6 at I-2. The "unilateral expectation" of continuing participation in the Hired Truck Program that Dietz's may have held does not constitute a protectable property right. *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073 at 1080 (7th Cir. 1987) (county contract bidder's "unilateral expectation of renewal" of contract was not a property interest).

Third, even if Dietz's was admitted into the Hired Truck Program, it had no protectable property interest in its ongoing participation in the program because the rules expressly provided that compliance with the program's requirements and placement on the Hired Truck list did not guarantee that a company would receive work from the City, (Def. Mot. to Dismiss Ex. 4 at 6; Ex. 5 at 1-2; Ex. 6 at I-2); that "the City remains free to suspend or terminate any company from a hired truck list for

reasons other than those set forth in these rules," (Def. Mot. to Dismiss Ex. 5 at 20); and that "the City has the right to terminate or modify the Hired Truck Program at any time," (Def. Mot. to Dismiss Ex. 6 at I-2).[3] Through such language, the City effectively disavowed any intention of providing continuing participation in the program to any company or maintaining the program in perpetuity.

Finally, Dietz's has no constitutionally protected property interest in participating in the Hired Truck Program's administrative review process because there is no constitutional guarantee that states and local governments follow their own law or procedures. *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 166 (7th Cir. 1994) ("the Constitution does not require state and local governments to adhere to their procedural promises"). The fact that the Hired Truck Program had an administrative review process does not provide Dietz's with a constitutionally protected property interest. *See Wilson v. Formigoni*, 42 F.3d 1060, 1066 (7th Cir. 1994) ("[S]tate-created procedural requirements do not, standing alone, constitute protected liberty or property interests or create substantive entitlements.") (citations omitted). In addition, the April 1, 2000 Hired Truck Program manual specified that the Rules did not provide "any contractual, *procedural*, or other rights to any company." (Def. Mot. to Dismiss Ex. 5 at 20) (emphasis added). Because Dietz's has no protectable property interest permitting redress under the Constitution, Dietz's failed to state a claim on which relief may be granted with regard to its claims pursuant to the Fifth and Fourteenth Amendments.

---

[3] Dietz's cites to *Interstate Material Corp. v. City of Chicago*, 501 N.E.2d 910, 915, 150 Ill. App. 3d 944 (Ill. App. Ct. 1986), for the proposition that even if the Hired Truck Program's rules were not binding, they set forth an explicit understanding, and therefore created a property interest in Dietz's ongoing participation in the Hired Truck Program. The rules of the Minority Business Enterprise (MBE) Program at issue in *Interstate Material Corp.* specifically stated that MBE's "are entitled to the continuation of MBE certification so long as the firm continues to satisfy the City's uniform, enumerated standards." 501 N.E.2d at 915. Whereas, in the present case, the rules of the Hired Truck Program did not entitle participants to continuing participation even if they fulfilled the Program's requirements and expressly stated so.

### III. Dietz's Motion to Strike

In response to the City's Motion to Dismiss, Dietz's moved to strike the City's Exhibits 1 and 2 and any statements made by the City about the imminent elimination of the Hired Truck Program. The court did not consider either Exhibit 1 or 2 in deciding the present motion to dismiss because neither document was referenced in Dietz's Second Amended Complaint. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996) ("[I]f the district court considers matters outside the pleadings in connection with a motion to dismiss, it must treat the motion as one for summary judgment."). Likewise, the court declined consideration of the oral and written statements submitted by the City regarding the imminent elimination of the Hired Truck Program because they were not relevant to the present motion. The court, therefore, denies Dietz's motion to strike as moot.

### ORDER

For the reasons stated above, the City's motion to dismiss [#23] is granted. Dietz's Second Amended Complaint is dismissed without prejudice.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

DATED: October 11, 2005